CHARLES A. BRADFORD vs. ELIZABETH HAWKINS.

Waldo. Opinion July 2, 1902.

*Fence Viewers. Election. Appointment. R. S., c. 22, § 6; c. 3, §§ 12, 13, 14, 25.*
*Stat. 1897, c. 280.*

Under the statutes of this state, as they existed in 1898, the selectmen of a town were not authorized to act as fence viewers.

The office of fence viewer, since the act of 1897, chap. 280, must either be filled by election at the annual town meeting, or by appointment by the selectmen.

Agreed statement. Judgment for defendant.

Special action on the case for double the cost of defendant's portion of a line fence.

The facts appear in the opinion.
*Jos. Williamson,* for plaintiff.
*W. P. Thompson,* for defendant.

SITTING : WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, PEABODY, JJ.

WISWELL, C. J. This is an action brought under the provisions of R. S., c. 22, § 6, to recover double the cost of building the portion of a partition fence that was assigned by persons acting as fence

viewers to be built by the defendant. The selectmen of the town acted as fence viewers in the proceedings upon which this suit is based, and the question presented is, whether under the law as it existed at that time, during the year 1898, and the admitted facts, the selectmen of the town had authority to act in that capacity.

Revised Statutes, c. 3, § 12, provides for the election of various town officers, including two or more fence viewers, at the annual town meeting in March. Section 13, prior to the amendment later referred to, provided for the election of certain officers, not including fence viewers, by ballot, and for the election of "the other said officers by ballot or other method agreed upon by vote of the town." Section 25, contains this provision: "If a town neglects to choose fence viewers at its annual meeting or the persons chosen fail to qualify, the selectmen shall act in that capacity." By chap. 280, public laws of 1897, § 13, above referred to, was amended so as to read as follows: "Moderator, town clerk, selectmen, assessors, and overseers of the poor, treasurer, auditor, school committee, and town agent shall be elected by ballot, and the other said officers by ballot or to be appointed by the selectmen."

At the annual town meeting in the town of Knox, in March, 1898, there was no election of fence viewers by ballot, but three persons were chosen to that office by hand vote, such method not having first been agreed upon by vote of the town. These persons so chosen were sworn, and upon one occasion prior to the commencement of proceedings in this matter acted in that capacity.

On June 28, 1898, the complaint, which was the commencement of the proceedings relied upon by the plaintiff in this suit, was made to the selectmen as fence viewers, and on that day two of the three selectmen, although one of them was not sworn as a fence viewer until the next day, gave the notice required by statute and commenced to act as fence viewers in this matter. The other selectman took no part in the proceedings. On Aug. 10, 1898, two of the selectmen appointed as fence viewers the same persons that were informally chosen to that office at the March meeting. The proceedings upon which this action is based were not commenced until subsequent to that date.

The plaintiff's claim is, that because there was no election of fence viewers by ballot, no other method having been agreed upon by vote, there was no election at all, and that consequently in accordance with the provisions of § 25 already referred to, the selectmen were authorized to act in that capacity. Such was undoubtedly the plain provision of the statute in case of the neglect to elect such officers at the annual town meeting, or the failure upon their part to qualify. But the effect of chap. 280, public laws of 1897, was to make it mandatory upon the selectmen to appoint certain officers, including fence viewers, if they were not elected by ballot at the annual town meeting.

Prior to this amendment the selectmen had the power to make appointments for the purpose of filling vacancies caused by the failure of the town to elect at the annual town meeting any officer not required to be elected by ballot. R. S., c. 3, § 14. The only purpose of the act of 1897, was to make the duty of the selectmen to fill such vacancies by appointment. This act is inconsistent with and repugnant to the section which provides that in the event of a failure to elect fence viewers, the selectmen should act as such, and, in accordance with the well established rule, this later act must be held to have repealed by implication that section of the revised statutes. *Smith* v. *Sullivan,* 71 Maine, 150.

It follows that the selectmen would not be authorized to act as fence viewers in any event; that this office must either be filled by election at the annual town meeting or by appointment by the selectmen. This action consequently cannot be maintained. In accordance with the stipulation of the report, the entry will be,

*Plaintiff nonsuit.*